El Pueblo de Puerto Rico, demandante y apelado, *v.* Marcelino Díaz, acusado y apelante.

No. 4595.—*Sometido:* Diciembre 16, 1931. *Resuelto:* Enero 15, 1932.

6

[redacted]

*V. M. Fernández*, abogado del apelante; *R. A. Gómez, Fiscal*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acusación en este caso imputaba el ofrecer en venta leche adulterada para destinarla al consumo humano. La prueba directa y circunstancial tendió a demostrar el ofrecimiento de leche adulterada a distintas personas. Quizá hubiera sido mejor que la acusación hubiese imputado una o varias ventas, pero no se hizo objeción por este motivo.

El apelante insiste en que la prueba no demuestra una venta. Empero, su propia declaración es al efecto de que él vendía leche para fines industriales y la otra prueba tendió a revelar entregas a otras personas.

Una venta con el objeto de fabricar dulces u otras confituras es una venta para el consumo humano.

La leche estaba adulterada. Cuando un inspector dice que la leche contiene 9 por ciento de agua, éste quiere decir en adición a su consistencia normal. Necesariamente toda leche contiene un tanto por ciento de agua mayor del nueve, al igual que todos los productos alimenticios. El caso está regido por el de *El Pueblo de Puerto Rico* v. *Maldonado*, 41 D.P.R. 28.

Se señala también como error el haberse admitido un documento suscrito por el acusado como recibo de una

venta efectuada al inspector. Hubo algún conflicto de prueba respecto a cuándo fué suscrito este recibo. La corte pudo resolver este conflicto, el cual tendía a demostrar una venta, pero creemos que también era prueba tendente a identificar la leche realmente vendida.

*La sentencia debe ser confirmada.*